## Commonwealth v. Eichman

■■■■■■■■■

■■■■■■■■■

*Joel Goldstein*, Assistant District Attorney, for the Commonwealth.

*John A. Eichman*, 3rd, for defendant.

BLOOM, *J.*, May 20, 1983—The matter before this court for consideration is an appeal from a summary conviction at a hearing before District Justice Nicholas Sellers on January 5, 1982 of violation of 75 Pa.C.S.A. §3362(2)(3) of the Pennsylvania Motor Vehicle Code.

The facts are as follows:

1. On October 21, 1981, defendant, John Aloysius Eichman, received a citation for violating Section 3362 of the Motor Vehicle Code; driving in excess of the maximum speed limit.

2. Defendant was stopped by officers of the Radnor Township Police Department who were using an ESP (excessive speed preventor model TK100) speed timing device.

3. Defendant's speed, as clocked by the ESP device was 48 miles per hour in a 30 mile per hour zone.

4. On the date of the alleged violation, Radnor Township had no local ordinance authorizing its police department to use the ESP device pursuant to Section 6109(b) of the Pennsylvania Motor Vehicle Code.

5. On the date of the alleged violation, Radnor

Township had no warning signs posted pursuant to Section 6109(c) of the Pennsylvania Motor Vehicle Code.

6. On January 5, 1982, defendant was found guilty of the offense before District Justice Nicholas Sellers.

7. On January 8, 1982, defendant filed a timely appeal from the summary conviction.

8. On March 22, 1982, Radnor Township passed an ordinance authorizing its police department to use the ESP device.

9. On May 25, 1982, a hearing was held before this Court where evidence was limited to expert testimony, exhibits and reference to relevant statutes and regulations, challenging the admissibility of the evidence obtained from the timing device.

10. On March 29, 1983, a second hearing was held at which time this court was to review briefs and make a determination.

Accordingly, this court is confronted with the single issue of whether or not evidence obtained by the use of an ESP device is incompetent when a municipality at the time of the alleged violation had no ordinance authorizing the use of such device as required by the Pennsylvania Motor Vehicle Code.

The Commonwealth asserts that the Defendant is precluded from raising a municipality's lack of authorization as an issue at the pre-trial stage of this litigation.

While this court recognizes the merits of the Commonwealth's position, we must take judicial notice of our previous decisions regarding this type of case. It was stipulated by both parties that there was no ordinance in Radnor Township authorizing the use of the ESP speed timing device at the time of the alleged violation by the defendant.

Our Court of Common Pleas in Delaware County

has recently held in the case of Commonwealth v. Shenkin, 69 Del. 602 (1982), that where there is no township ordinance authorizing the use of the ESP speed timing device, any evidence obtained through use of such a device is incompetent and cannot form the basis of a conviction.

Additionally, in Commonwealth v. Lamb, S.A. 238-82, this court approved Shenkin, supra, and further held that municipalities must post signs advising motorists that their speed will be electronically timed. In the case at bar, no ordinance was in effect at the time of the alleged violation and no signs were posted by the municipality giving notice to defendant.

Under the circumstances, it would be senseless to allow the Commonwealth and defendant to litigate this case further when as a practical matter the outcome is determinable due to the previous decisions of this court which must be followed.

Since the evidence is incompetent and cannot form a basis of a conviction, this court does not entertain defendant's assertion that the ESP machine be classified as electronic and its use thus limited by statute for evidentiary purposes in alleged speed violations of the Motor Vehicle Code of Pennsylvania to state police as opposed to local police.

Therefore, we enter the following

## ORDER

And now, this May 20, 1983, after presentation of testimony and review of briefs submitted by respective counsel, it is hereby ordered and decreed that defendant's summary appeal is sustained and defendant is found not guilty.